IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02955-BNB

NICOLE D. KILLOCK,

	Plaintiff

v.

GEO CORRECTIONS HUDSON CORRECTIONAL FACILITY,
JOE DRIVER, Warden,
WILLIAMS, Assistant Warden,
TERRY ANDING, Investigator,
CORY FOX, Special Investigator,
COLORADO DEPARTMENT OF CORRECTIONS,
PRIVATE PRISONS MONITORING UNIT, and
JOSEPH SCHMIDT, Alaska Department of Corrections, Commissioner,

	Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

	Plaintiff, Nicole D. Killock, currently is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 for money damages.  On December 12, 2013, Plaintiff filed a second Prisoner Complaint in which she names different defendants and states that the cause of action is "inclusive of Nov 30, 2013 original filing more upon request.  Specific info needs to be obtained from Defendants."  Dec. 12, 2013 Compl. at 4.

	The Court must construe Plaintiff's Complaints liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint that asserts all claims against all named defendants.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to her; (2) when the defendant did it; (3) how the defendant's action harmed her; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, Defendants State of Colorado, Colorado Department of Corrections, and Weld County District Attorney's Office[1] are improper defendants in this action.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation

---

[1] Plaintiff named  the Weld County District Attorney's Office as a defendant in her original Complaint filed on October 28, 2013.

of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Furthermore, Plaintiff may not sue the Weld County Drug Task Force.[2] The Drug Task Force is not a separate entity from Weld County, and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the Drug Force must be considered as asserted against Weld County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against Weld County under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694. Accordingly, it is

---

[2] Plaintiff named the Weld County Drug Task Force as a defendant in her original Complaint filed on October 28, 2013.

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint on a Court-approved form that complies with this Order and includes all claims and all named Defendants.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will dismiss the Complaint and the action without further notice.

DATED December 19, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge