IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02955-BNB

NICOLE D. KILLOCK,

      Plaintiff

v.

CHERYL LINZEN,
CAMILLE BURNETTE,
DYLAN WRIGHT,
JOSEPH DRIVER, HCH Warden,
GEO CORRECTIONAL/HUDSON CORRECTIONAL
PRIVATE PRISONS MONITORING UNIT,
TERRY ANDING, Investigator,
CORY FOX, Investigator,
JANE DOE(S), and
JOHN DOE(S),

      Defendants.

_____

ORDER TO FILE
SECOND AMENDED COMPLAINT

_____

On October 28, 2013, Plaintiff, Nicole D. Killock, initiated this action by filing *pro se* a Prisoner Complaint. Plaintiff also filed a second Complaint on December 12, 2013. Magistrate Judge Boyd N. Boland reviewed the pleadings and directed Plaintiff to file an Amended Complaint that asserts personal participation against proper defendants. Plaintiff further was directed to use a Court-approved form to file the Amended Complaint.

Plaintiff filed the Amended Complaint on March 10, 2014. Plaintiff has failed to use a complete Court-approved form. Plaintiff does not include the "A. Parties" section of the complaint form, which she is required to do; state whether the defendant is acting under color of state law; and provide each defendant's addresses. Plaintiff also does

not include "Sections B., C., E., F., and G." of the complaint form.  Finally, Plaintiff has not signed the Amended Complaint under penalty of perjury, as the complaint form requires.

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "an unrepresented prisoner or party shall use the forms and procedures posted on the court's website."  Plaintiff did not include all of the pages of the Court-approved form in the Amended Complaint she submitted on March 10, 2014.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (no abuse its discretion in dismissing civil rights action without prejudice for noncompliance with local rules requiring prisoner to use court-approved form to file complaint); *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (within district court's discretion and no violation of equal protection rights to dismiss prisoner's complaint for failure to use court-approved forms pursuant to local rule); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (not abuse of district court's discretion or a constitutional violation to dismiss prisoner complaint for repeated refusal to file complaint on court-approved prisoner complaint pursuant to local court rule); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (not abuse of discretion to dismiss prisoner action where inmate failed to file habeas corpus application on proper form); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) ( failure to

comply with local rule requiring *pro se* prisoners to use court-approved form to file action not nonwillful, and prisoner's failure to use required form supported dismissal of action).

Furthermore, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

3

Plaintiff's claims are not organized in a manner that allows the Court and defendants to determine the supporting facts for each of her claims.  Plaintiff, for the most part, fails to identify, clearly and concisely, the defendants she is suing with respect to each asserted claim and what each named defendant did that allegedly violated her rights.

To state a claim in federal court Plaintiff must explain (1) what a named defendant did to her; (2) when the defendant did it; (3) how the defendant's action harmed her; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  To succeed in a § 1983 suit against a government official for conduct that arises

out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). This Court, however, will give Plaintiff an opportunity to cure the deficiencies in the amended Complaint by submitting a Second Amended Complaint that meets the requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order within the time allowed, the Court will dismiss the Complaint and the action without further notice.

DATED March 13, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge