IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02955-BNB

NICOLE D. KILLOCK,

    Plaintiff

v.

CHERYL LINZEN,
CAMILLE BURNETTE,
DYLAN WRIGHT,
JOSEPH DRIVER, HCH Warden,
GEO CORRECTIONAL/P.P.M.U.,
HUDSON CORRECTIONAL FACILITY,
TERRY ANDING, Investigator,
CORY FOX, Investigator,
JANE DOE(S), and
JOHN DOE(S),

    Defendants.

## ORDER OF DISMISSAL

On October 28, 2013, Plaintiff, Nicole D. Killock, initiated this action by filing a pro se Prisoner Complaint.  Subsequently, on December 12, 2013, Plaintiff filed a second Prisoner Complaint in which she named different defendants and stated she needed to obtain specific information from the newly named defendants.  Magistrate Judge Boyd N. Boland then entered an order directing Plaintiff to amend and assert all claims against all named defendants.  After granting two requests for an extension of time to amend, Plaintiff filed an Amended Complaint.  Magistrate Judge Boland reviewed the Amended Complaint and found Plaintiff had not used a complete Court-approved form or complied with Fed. R. Civ. P. 8.  Specifically, Plaintiff failed to identify, clearly and concisely, the defendants she is suing with respect to each asserted claim and what

each named defendant did that allegedly violated her rights. Magistrate Judge Boland directed Plaintiff to file a Second Amended Complaint, which she did on April 9, 2014.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The Court agrees that Plaintiff failed to comply with Rule 8 and Magistrate Judge Boland's directive to amend was correct.

For the most part, the Second Amended Complaint, ECF No. 21, like Plaintiff's Amended Complaint, ECF No. 17, is prolix, unintelligible, and is not organized in a manner that allows the Court and defendants to determine the supporting facts for each of the claims. Overall, Plaintiff's claims are conclusory and vague and fail to state what each named Defendant did to violate her constitutional rights. Plaintiff relies on statements of law and does not set forth a statement of facts that support her first claim of "misuse of power possessed by virtue of state law under color of law" or her second claim of "governmental misconduct."

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct

2

alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). If allegations are "so general that they emcompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] '[has] not nudged [his] claims across the line from conceivable to plausible.' " *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff does assert that Defendant Joe Driver conducted and Defendants Terry Anding and Cory Fox participated in an improper ATF investigation, but she fails to meet the burden of framing her Complaint with enough factual matter to suggest she is entitled to relief.

Furthermore, Plaintiff's Fourteenth Amendment due process rights claim regarding her property fails on the merits. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

Plaintiff has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of

3

grievances, but include filing complaints in state court.") (internal citations omitted). Accordingly, the Court finds that Plaintiff fails to state an arguable Fourteenth Amendment due process claim.

Also, this Court lacks jurisdiction to consider Plaintiff's foster care claim. "The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " *Lance v. Dennis,* 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). The doctrine precludes jurisdiction over claims that not only directly challenge a state-court judgment but also those that are inextricably intertwined with it. *See Guttman v. Khalsa,* 446 F.3d 1027, 1031 (10th Cir. 2006). The *Rooker– Feldman* doctrine applies only "to suits filed after state proceedings are final." *Id.* at 1032. Nonetheless, *Younger v. Harris*, 401 U.S. 37, 91 (1971), prevents federal courts from interfering in pending custody proceedings by the requirements of abstention.

Finally, the Court has reviewed all complaints filed in this action, including the Second Amended Complaint, the Amended Complaints filed on March 10, 2014, and December 12, 2013, and the original Complaint, and has determined Plaintiff is challenging an investigation that she alleges resulted in her pleading to criminal charges in State of Colorado Criminal Case Nos. 11CR1464 and 11CR1465. *See* Compl., ECF No. 1, at 12-14. Plaintiff's claims that the investigations subjected her to erroneous felony charges are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of her criminal conviction or sentence the § 1983 action does not arise until the conviction or

4

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. See *Heck*, 512 U.S. at 486-87.

Plaintiff does not allege, and nothing in the Complaint indicates, that she invalidated her convictions or sentences. Therefore, the claims for damages are barred by *Heck*.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall* , 935 F.2d at 1110. Because Plaintiff fails to assert personal participation and sets forth vague and conclusory allegations, and she has been given direction on how to cure deficiencies and the opportunity to amend, the action will be dismissed for failure to file an amended pleading that complies with Rule 8. In the alternative, the claims lack merit.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438

(1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with a Court order, and in the alternative they are either legally frivolous or fail to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  25th  day of    April           , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court